UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine DeMaria and Anthony DeMaria, | No. 2:23-cv-01798-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Yolo County Sheriff's Office, et al., | |
| Defendants. | |

    Plaintiff Christine DeMaria moves to appoint herself guardian ad litem for her husband, plaintiff Anthony DeMaria, in this civil rights action against defendants. For the reasons below, the court **grants the motion.**

    Plaintiffs allege employees of the Yolo County Sheriff's Office, aware of Tony DeMaria's declining health, obtained an illegal search warrant to search plaintiffs' residence. Compl. ¶ 8, ECF No. 1. During the search, defendants allegedly "seized a valuable gun and ammunition collection, detained and injured Tony DeMaria, and injured Christine DeMaria." *Id.* Plaintiffs bring this suit for constitutional violations against defendants under 42 U.S.C. § 1983. *See generally* Compl. Christine DeMaria moves to appoint herself guardian ad litem for Anthony DeMaria, Mot., ECF No. 8, because Anthony is a "78 year old man suffering from dementia," which causes him to be forgetful, anxious, and verbally aggressive, Compl. ¶¶ 7, 23. In support of her motion, Christine declares Anthony's primary care physician has informed her Anthony

1

suffers from "mild to moderate cognitive impairment, a form of dementia." C. DeMaria Decl., Mot. at 3, ECF No. 8. She also declares Anthony "does not have the mental capacity to participate as a plaintiff in his action in his own right." *Id.* The motion is unopposed.

Federal Rule of Civil Procedure 17(c)(2) provides, "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). With reference to Rule 17, this court's Local Rules provide:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a).

A person's capacity to sue is measured by the standard provided by the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. 09–04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)). Evidence of incompetence may be drawn from various sources, but the evidence relied upon must "speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings." *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993). California law adopts a broad view of relevance, and a state court of appeal has emphasized a trial judge's "duty . . . to clearly bring out the facts." *In re Conservatorship of Pamela J.*, 133 Cal. App. 4th 807, 827 (2005).

Federal courts applying this law have found that a broad range of evidence may inform the decision that a guardian must be appointed to represent a person who suffers from cognitive impairments, such as a report of mental disability by a government agency, *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 798 (9th Cir. 1986); the sworn declaration of the person or those who know him, *Allen v. Calderon*, 408 F.3d 1150, 1151 (9th Cir. 2005); the representations of counsel, *Shankar v. United States Dep't of Homeland Sec.*, No. 13–01490, 2014 WL 523960, at *15 (N.D. Cal. Feb. 6, 2014); diagnosis of mental illness, *Allen*, 408 F.3d at 1151–52; *Elder–Evins v. Casey*, No. 09-05775, 2012 WL 2577589, at *10 (N.D. Cal. July 3, 2012); *Shankar*, 2014 WL 523960, at *15; a review of medical records, *Golden Gate Way*, 2012 WL 4482053, at *3; and the broader circumstances, such as the person's age, illnesses, and general mental state, *id.*

Here, as noted, Christina DeMaria submitted a declaration stating her husband is incompetent due to dementia. C. DeMaria Decl., ECF No. 8. She describes a lack of memory and illogical anxiety. *Id.* Following hearing, as allowed by the court, Anthony DeMaria's counsel Thomas Barth also has submitted a declaration describing his personal experience with Mr. DeMaria. Mr. Barth has known Mr. DeMaria for many years. Barth Decl. ¶ 2, ECF No. 22. Since earlier this year, Mr. Barth has witnessed Mr. DeMaria's health, memory and cognitive abilities decline. *Id.* ¶ 3. He does not believe Mr. DeMaria can consult with him about this case without the assistance of a guardian ad litem. *Id.* Mr. DeMaria's physician also has submitted a letter confirming his diagnosis of dementia and cognitive difficulties. *Id.* Ex. 1, ECF No. 22-1. All this evidence, taken together, supports the appointment of a guardian ad litem.

For the reasons above, the court **grants** the petition to appoint Christina DeMaria as guardian ad litem for Anthony DeMaria.

This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: October 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE