UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Christine DeMaria, et al., | No. 2:23-cv-01798-KJM-CSK |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| Robert Middleman, et al., | |
| Defendants. | |

Defendant Robert Middleman moves to stay this case under 50 U.S.C. § 3932 because he has been called to active service in the U.S. Navy Reserves. *See generally* Mot., ECF No. 42; Mem., ECF No. 42-1. The matter is fully briefed. *See generally* Opp'n, ECF No. 43; Reply, ECF No. 44. The court takes the motion under submission without hearing oral arguments. *See* E.D. Cal. L.R. 230(g). As explained below, the motion is **granted**.

When a plaintiff or defendant "is in military service" and seeks a stay under § 3932, the court must stay the action for at least ninety days if the moving party submits documentation satisfying two conditions: (1) "A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear" and (2) "A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not

1

1  authorized for the servicemember at the time of the letter." 50 U.S.C. § 3932(b)(2). These
2  provisions are "always to be liberally construed to protect those who have been obliged to drop
3  their own affairs to take up the burdens of the nation." *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d
4  876, 878 (9th Cir. 2014) (quoting *Boone v. Lightner*, 319 U.S. 561, 575 (1943)).

5  Defendant Middleman has attached a memo from his commanding officer. *See generally*
6  Spencer Mem., ECF No. 42-2. According to that memo, Middleman was "selected for
7  involuntary mobilization to fill a critical position." *Id.* ¶ 1. "The training requirements for [the
8  mobilization] are extensive and will require significant time away from work and family." *Id.*
9  ¶ 3. Beginning in January 2025, Middleman was in training, and starting April 2025, Middleman
10 will be "overseas for six months." *Id.* ¶ 4. He will return from mobilization in "January 2026";
11 the memo does not specify what day. *Id.* During this period, he "will not be authorized leave due
12 to the intense nature of [the] training cycle and mission requirements." *Id.* ¶ 5.

13 This memo satisfies the requirements of § 3932(b)(2). First, it states how Middleman's
14 mobilization will "affect [his] ability to appear" and when. 50 U.S.C. § 3932(b)(2)(A). Second,
15 it states that his military duty "prevents [his] appearance and that military leave is not
16 authorized." *Id.* § 3932(b)(2)(B). Middleman is therefore entitled to a mandatory stay under
17 § 3932(b).

18 Plaintiffs oppose Middleman's motion because the memo from his commanding officer
19 does not clarify whether Middleman could participate remotely in a video deposition. *See* Opp'n
20 at 2–3. They also argue a stay would lead to prejudice, as both parties are in their seventies. *See*
21 *id.* at 3 (citing Barth Decl. ¶ 3, ECF No. 43). These are valid concerns. But this court is bound to
22 interpret § 3932 "liberally" to protect the servicemembers who rely upon it. *Brewster*, 742 F.3d
23 at 878 (quoting *Boone*, 319 U.S. at 575). Section 3932 requires only that the attached
24 documentation include "facts stating the manner in which current military duty requirements
25 *materially affect* the servicemember's ability to appear," 50 U.S.C. § 3932(b)(2)(A) (emphasis
26 added), not facts demonstrating no appearance is feasible. By stating that Middleman will be
27 overseas away from work and family through January 2026 in an "intense" mobilization with the

Navy during which leave will not be authorized, the memo from his commanding officer satisfies the requirement that the mobilization "materially affect" his ability to appear in this action.

The motion to stay is **granted**. This action is **stayed** until February 1, 2026. By that date, counsel for all parties must meet and confer and file a joint status report on the resumption of this litigation, including proposed dates and deadlines. *Cf.* Mins. & Rule 16 Order, ECF No. 35 (setting previously applicable pretrial dates).

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: May 15, 2025.

_____
UNITED STATES DISTRICT JUDGE

3